■ In the Matter of P. G. BALLROOMS, INC., Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent-respondent State Liquor Authority of December 12, 1968, whereby petitioner-appellant's catering establishment liquor license was canceled, unanimously modified, on the law, to the extent of nullifying such cancellation and substituting therefor a provision that petitioner's license be suspended for a period of three months, and, as so modified, determination confirmed without costs or disbursements. This article 78 CPLR proceeding had its origin in a charge by respondent Authority

that, on one occasion when petitioner's premises had been rented to a social club to hold a dance, petitioner had "permitted the licensed premises to become disorderly  *  *  *  in that there was trafficking and using of narcotic drugs on the licensed premises." The Authority's hearing officer sustained the charge, finding that "selling of marijuana and heroin and the smoking of marijuana *  *  * were of such nature and duration that the licensee  *  *  * knew or should have known of these activities." Respondent, one member dissenting and voting for dismissal, imposed the penalty of cancellation. The record discloses that the licensee did not run the function for which the premises had been leased nor play any part therein except to furnish catering services unconnected with the offenses charged, that it did not supervise the function, and that it took reasonable precautions by advising the police in advance that it would take place, and by hiring its own guards to maintain order. Further, there was no proof that respondent had any intimation in advance that the unlawful activities complained of might take place, nor any knowledge that, during the function, they actually did occur. In the circumstances, and considering, additionally, the dissent by one Authority member, we conclude the penalty of cancellation to have been so disproportionate to petitioner's offense, actually a slight uneducated lapse of supervision, as to constitute abuse of discretion, and we direct its limitation as indicated. Concur — Eager, J. P., Capozzoli, McGivern, Markewich and Nunez, JJ.